MATTHEW W. GRIMSHAW, #210424
grimshaw@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt, Irvine, CA 92620
Telephone: 949-333-7777
Facsimile: 949-333-7778

Attorneys for Debtor,
CADUCEUS PHYSICIANS MEDICAL GROUP,
a Professional Medical Corporation, dba
CADUCEUS MEDICAL GROUP

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>CADUCEUS PHYSICIANS MEDICAL GROUP, a Professional Medical Corporation, dba CADUCEUS MEDICAL GROUP,<br><br>Debtor.<br><br>Debtor and Debtor-in-Possession. | Case No. 8:24-bk-11945-TA<br><br>Chapter 11<br><br>NOTICE OF EX PARTE MOTION AND EX PARTE MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C. §105(A), FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015, AND LOCAL BANKRUPTCY RULES 1015-1 AND 9013-1(Q); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF DR. GREGG DENICOLA, HOWARD GROBSTEIN AND MATTHEW W. GRIMSHAW<br><br>[NO HEARING REQUIRED PURSUANT TO LOCAL BANKRUPTCY RULES 1051-1 AND 9013-1(Q)] |

TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE,

UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

    Debtor, CADUCEUS PHYSICIANS MEDICAL GROUP, a Professional Medical

Corporation, dba CADUCEUS MEDICAL GROUP ("CPMG") and CADUCEUS MEDICAL

1   SERVICES, LLC ("CMS," and collectively with CPMG, the "Debtors") in the above-captioned

2   cases ("Cases") hereby move ("Motion") *ex parte* for entry of an order authorizing the joint

3   administration of the Cases including: (1) the use of a single docket and caption for administrative

4   matters; (2) combining notices to creditors and parties in interest; (3) scheduling joint hearings; (4)

5   combining financial reporting; (5) joint and several liability for professional fees and costs; and (6)

6   the joint handling of other administrative matters pursuant to 11 U.S.C. § 105(a), Rule 1015 of the

7   Federal Rules of Bankruptcy Procedure ("FRBP"), and rules 1015-(1)(b) and 9013-1(q) of the Local

8   Bankruptcy Rules ("LBR").

9   The Motion is based on this Notice and Motion, the Memorandum of Points and Authorities,

10  and the attached Declarations of Dr. Gregg DeNicola ("DeNicola Decl."), Howard Grobstein

11  ("Grobstein Decl."), and Matthew W. Grimshaw ("Grimshaw Decl.").

12  PLEASE TAKE FURTHER NOTICE that the Debtors request that this Motion be considered

13  on an *ex parte* basis. The Debtors have determined that the most efficient and effective manner in

14  which to administer their respective Cases is to seek an order authorizing joint administration. Joint

15  administration of the Cases will allow the Debtors to benefit from increased efficiency because they

16  will not be required to review and separately respond to similar motions, filings and other pleadings

17  that would otherwise be filed in the separate Cases. Joint administration will potentially save the

18  Debtors' estates tens of thousands of dollars in administrative fees and costs, save the Court

19  numerous hours in setting and hearing matters, and in reviewing separate sets of virtually identical

20  pleadings in the Cases. Debtors seek the relief requested in this Motion on an *ex parte* basis to

21  ensure in order to accomplish the goal of preserving the time and resources of the Debtors, the

22  Court, and other parties in interest. Joint administration will also ease the burden on the Office of the

23  United States Trustee in supervising the Cases.

24  / / /

25  / / /

26

27

28

MOTION FOR JOINT ADMINISTRATION OF CASES

4887-6608-8371V.1

1    The Debtors do not request substantive consolidation of their Cases at this time. Nothing

2  contained in this Motion is intended to compel substantive consolidation of the assets of the Debtors'

3  respective estates. Since the Debtors require only joint administration of the Cases, no substantive

4  rights will be prejudiced by the relief requested herein, and no conflicts will result therefrom.

5  Accordingly, the Debtors request that the Motion be granted.

6    Pursuant to LBR 1015-1 and 9013-1(q), the Court may grant the Motion without notice of a

7  hearing.

8

9

10  Dated:  August 1, 2024

CADUCEUS PHYSICIANS MEDICAL GROUP,
A PROFESSIONAL MEDICAL CORPORATION,
DBA CADUCEUS MEDICAL GROUP AND
CADUCEUS MEDICAL SERVICES, LLC

By: _____
    HOWARD GROBSTEIN
    Chief Restructuring Officer

15  Dated:  August 1, 2024

MARSHACK HAYS WOOD LLP

        /s/ Matthew W. Grimshaw
By: _____
    MATTHEW W. GRIMSHAW
    DAVID A. WOOD
    ATTORNEYS FOR
    CADUCEUS PHYSICIANS MEDICAL
    GROUP, A PROFESSIONAL MEDICAL
    CORPORATION, DBA CADUCEUS
    MEDICAL GROUP AND CADUCEUS
    MEDICAL SERVICES, LLC

MOTION FOR JOINT ADMINISTRATION OF CASES

4887-6608-8371V.1

**1. Statement of Facts**

    **A. Debtors' organizational structure and operations**

        **1. CPMG**

Incorporated in California and founded in November 1998 by Dr. Gregg DeNicola, CPMG is a multi-specialty medical group with a wrap-around staff model and is among the largest remaining doctor-owned medical practices in the Orange County service area. *See* DeNicola Decl., ¶7. Currently, CPMG provides medical care at offices in Irvine, Laguna Beach, and Yorba Linda. *Id*. Additionally, CPMG operates various urgent care facilities in Orange County under the tradename PDQ Urgent Care and More. *Id.*

CPMG's current medical staff model count includes 60 licensed providers, consisting of 42 employed primary care and multi-specialty physicians plus 18 contracted providers. *See* DeNicola Decl., ¶8. Additionally, CPMG employs 136 clinical and non-clinical staff involved in day-to-day operations at its various medical offices. *Id*. Among all office locations, CPMG's medical staff provides 125,000 - 130,000 patient visits annually. *Id*.

        **2. The Impact of the COVID-19 Pandemic**

The COVID pandemic strained CPMG's financial condition as its costs increased while its revenue decreased. DeNicola Decl., ¶9. First, when businesses across the nation closed, CPMG remained open, expanding its hours of operation to meet the critical care needs of the Orange County community. *Id*. The heavy staffing demands associated with CPMG's expanded hours could only be met by increasing wages. *Id*. In the aggregate, CPMG's labor costs increased by approximately 20%. *Id*.

Concurrently, CPMG's revenue declined for various reasons. *Id*., at ¶10. For example, the number of medical procedures and surgeries performed by CPMG's medical staff decreased significantly. *Id*. Further, a significant number of CPMG's patients transitioned to telehealth visits for less acute care, with such telehealth visits having lower reimbursement rates than in-person visits. *Id*. This combination of increased costs and reduced revenue resulted losses beginning in calendar year 2021 and continuing each year thereafter. *Id*.

/ / /

MOTION FOR JOINT ADMINISTRATION OF CASES

### 3.     Additional Financial Difficulties

Two other events occurred in late 2022 that negatively impacted CPMG's financial condition. DeNicola Decl., ¶11. First, a short-term cash crunch arose in early November 2022. *Id*. After spending significant time courting a potential buyer, and with a sale transaction scheduled to close shortly thereafter, the buyer abruptly terminated the transaction. *Id*. Shortly thereafter, in connection with the renewal of CPMG's contract with the insurance company used by the majority of its patients for payment of CPMG's medical services, the payment terms were altered significantly. *Id*., at ¶12. As a result, CPMG's revenue decreased by approximately $350,000 per month. *Id*.

### 4.     Mitigation Efforts

Throughout 2022, CPMG was actively taking steps to mitigate future losses. DeNicola Decl., ¶13. The two events in November 2022 described above created a financial tsunami for CPMG. *Id*. Thus, in 2023, CPMG's loss mitigation efforts intensified. CPMG laid off employees, which reduced its monthly labor costs by $140,000. *Id*. Through consist cost-cutting and simultaneous efforts to grow revenue, CPMG reduced its operating losses from $240,000 per month at the beginning of 2023 to $150,000 per month by the end of the year. *Id*.

CPMG's mitigation efforts in 2023 included seeking outside investments and exploring sale or merger opportunities. *Id*., at ¶14. To that end, in July 2023, CMS was formed to act as a management services company, and was intended to provide all the non-clinical business support required by CPMG. *Id*. Additionally, a long-term management agreement between CPMG and CMS was signed.[1] *Id*. With this structure in place, the Debtors' access to investment funding and potential sale transactions increased significantly as the formation of CMS allowed the Debtors access to funding from people and entities not holding a medical license. *Id*.

---

[1] Although a management agreement between CPMG and CMS is in place, CPMG did not transfer the relevant assets to CMS. DeNicola Decl., ¶15. Additionally, although it was anticipated that CMS would take over for CPMG as the employer of most of CPMG's staff members, such a transition never occurred. *Id*. In short, even though a new management structure is available because of CMS, it remains dormant. *Id*. The CMS case was filed as a companion to the CPMG case because joining the two in a single transaction increases the value for Debtor and the anticipated buyer can obtain the desired sale order. *Id*.

4893-3408-8659, v. 2

1    Debtors' pursuit of funding or a sale transaction has generated significant interest from

2  parties with active medical practices in Orange County. DeNicola Decl., ¶16. Although a transaction

3  has not yet been finalized, Debtors anticipate entering into such an agreement, which will form the

4  cornerstone of Debtors' anticipated plan. *Id*. A sale transaction is necessary for Debtors to be able to

5  pay their creditors. *Id*.

6      **B.    Jurisdiction and Venue**

7        This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is

8  a core proceeding under 28 U.S.C. § 157(b)(2). The Debtors consent to the entry of a final order by

9  the Court in connection with this Motion to the extent it is later determined that the Court, absent

10 consent of the parties, cannot enter final orders or judgments consistent with Article III of the United

11 States Constitution. Venue of these cases and this Motion in this district is proper under 28 U.S.C.

12 §§ 1408 and 1409.

13 **2.    Proposed Procedure for Joint Administration**

14        The Debtors propose the following procedure for joint administration:

15      (1)    The use of a single docket and caption (*In re Caduceus Physicians Medical Group*,

16             Case No. 8:24-bk-11945-TA) for administrative matters, including the filing, lodging,

17             and docketing of pleadings and orders, and parties in interest shall be directed to use

18             the caption attached hereto as Exhibit "1." Each pleading or paper filed, however,

19             shall indicate which of the Debtors is affected by or is a party to the subject filings;

20      (2)    The combining of notices to creditors and parties-in-interest;

21      (3)    The joint scheduling of hearings;

22      (4)    The combining of financial reporting by the two Debtors;

23      (5)    The joint and several liability of the estate for allowed professional fees and costs and

24             the consolidated billing of professional fees and expenses;

25      (6)    The joint handling of other administrative matters; and

26      (7)    Notice of the joint administration of the estates will be separately filed and docketed

27             in each of the Cases in substantially the form of the proposed notice attached as

28             Exhibit "2" to the Motion. On all *other Court dockets for the related Cases, creditors*

4893-3408-8659, v. 2

1   *and parties-in-interest will be directed to Caduceus Physicians Medical Group's*

2   *docket to locate all pleadings filed subsequent to the date on which the Court enters*

3   *an order authorizing the joint administration of the Cases.*

## 3.      Joint Administration of the Cases Would Yield Substantial Administrative Benefits

Section 105 of the Bankruptcy Code provides this Court with the power to order joint administration of chapter 11 cases.  Under section 105(a), the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a).

FRBP 1015(b) provides that joint administration may be appropriate when two or more related debtor entities have filed for protection under the Bankruptcy Code. Bankruptcy Rule 1015 provides:

> If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. Proc. 1015(b).  Pursuant to section 101(2) of the Bankruptcy Code, the term "affiliate" is defined as an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor…" 11 U.S.C. § 101(2).

Joint administration is typical when related business entities file for chapter 11 bankruptcy relief and seek to employ similar reorganization strategies, and when the success of one entity may depend on success of another. *See* 9 COLLIER ON BANKRUPTCY, ¶1015.03 (15th ed. Rev. 2008). Bankruptcy Rule 1015 promotes the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H & S Transportation Co., 55 B.R. 786, 791* (Bankr. M.D. Tenn. 1985). As set forth in the official 1983 Advisory Committee Note to Rule 1015:

MOTION FOR JOINT ADMINISTRATION OF CASES

4893-3408-8659, v. 2

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

The Cases present the classic situation for joint administration as numerous cords of administrative commonality connect the Debtors, militating in favor of the central administration of the Cases, including: (1) the Debtors are "affiliates" as defined under section 101(2) of the Bankruptcy Code; (2) the anticipated sale transaction will necessarily involve both Debtors as CMS was formed to be CPMG's management company, with such structure significantly increasing the value the medical practice for any acquiring company; and (3) the Debtors share the retention of a single CRO, Mr. Grobstein. Grobstein Decl., ¶4.

Joint administration will avoid wasting resources that would result through the duplication of effort if the Cases were to proceed separately and the same motions and applications were required to be filed in each Case. Grobstein Decl., ¶¶9-14. It will permit each of the Debtors to respond more efficiently to the demands of their creditors and will reduce attorneys' fees, copying costs, mailing costs and other costs of administering the Cases. *Id*.

The Debtors' creditors stand to benefit from the increased efficiency of administration anticipated through joint administration because creditors will not be required to review duplicative motions and other pleadings that would otherwise be filed in the separate cases. *Id.* Moreover, through joint administration of the Cases, this Court and the Bankruptcy Court Clerk's office will be relieved of the burden of having to file and maintain dockets and case files for a large number of nearly identical pleadings in the Cases. *Id.* It will also ease the burden of the Office of the United States Trustee in supervising the Cases. *Id.*

The Debtors will be jointly and severally liable for all of the administrative professional fees and expenses incurred in the Cases. Grobstein Decl., ¶13. All fees and costs will be charged to the lead case and only one joint fee application need be filed by any professional. *Id.* Many of the services provided by the professionals will benefit multiple Debtors and it would be time-consuming at best, and impracticable in many instances, to allocate various services provided by the

MOTION FOR JOINT ADMINISTRATION OF CASES

1 professionals among the Cases. *Id.*

2     The rights of the Debtors' respective creditors will not be adversely affected by joint

3 administration of the Cases. Grobstein Decl., ¶14. The Debtors do not propose at this point to take

4 any action that would constitute substantive consolidation of their estates, but are merely seeking

5 authorization for procedural measures that will simplify and facilitate the efficient administration of

6 their Cases. *Id.*

7     By reason of the foregoing, joint administration of the Cases is in the best interests of all

8 interested parties.

9 **4.     No Notice and No Hearing Is Required**

10     LBR 1015-1(b) expressly provides that the Court can order joint administration ' without

11 notice and a hearing:

12         If 2 or more cases are pending before the same judge, an order of joint
           administration may be entered, without further notice and an opportunity
13         for hearing, upon the filing of a motion for joint administration pursuant to
           FRBP 1015 and LBR 9013-1(q), supported by a declaration establishing
14         that the joint administration of the cases is warranted, will ease the
           administrative burden for the court and parties, and will protect creditors
15         of the different estates against potential conflicts of interest.

16

17     In turn, LBR 9013-1(q)(1) permits motions for joint administration to "be

18 determined without a hearing and without additional notice, because the parties requiring

19 notice already receive notice via an NEF."

20     Accordingly, pursuant to Local Rules 1015-1(b) and 9013-1(q), the Court can and

21 should order the joint administration of the Cases without notice or a hearing.

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

4893-3408-8659, v. 2

## 5.    Conclusion

The primary goal of a chapter 11 reorganization is to maximize the value of a debtor's estate for the benefit of creditor and equity constituencies. Related to that goal, and of significant importance as well, is the efficient administration of the bankruptcy case so that the debtor-in-possession can emerge quickly and begin distributions. Both of these goals will be furthered by permitting the joint administration of the Cases as sought in this Motion.

Dated: August 1, 2024                    MARSHACK HAYS LLP

                                         /s/ Matthew W. Grimshaw
                                    By:_____
                                         MATTHEW W. GRIMSHAW
                                         DAVID A. WOOD
                                         GENERAL COUNSEL FOR DEBTOR AND
                                         DEBTOR-IN-POSSESSION, CADUCEUS
                                         PHYSICIANS MEDICAL GROUP, A
                                         PROFESSIONAL MEDICAL
                                         CORPORATION, DBA CADUCEUS
                                         MEDICAL GROUP and CADUCEUS MEDICAL
                                         SERVICES, LLC

MOTION FOR JOINT ADMINISTRATION OF CASES

4893-3408-8659, v. 2

# Declaration of Gregg DeNicola

I, GREGG DENICOLA, declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I am a medical doctor and the co-Chief Executive Officer of CADUCEUS PHYSICIANS MEDICAL GROUP, A PROFESSIONAL MEDICAL CORPORATION dba CADUCEUS MEDICAL GROUP ("CPMG"). I am also a Manager of CADUCEUS MEDICAL SERVICES, LLC ("CMS").

5.      I make this Declaration in support of Debtors' *Ex Parte* Motion for Joint Administration Pursuant to 11 U.S.C. §105(a), Federal Rule of Bankruptcy Procedure 1015, and Local Bankruptcy Rule 1015-1 ("Motion").

6.      All terms not defined herein are used as they are defined in the Motion.

7.      In November 1998, I incorporated CPMG, which operates as a multi-specialty medical group with a wrap-around staff model and is among the largest remaining doctor-owned medical practices in the Orange County service area. Currently, CPMG provides medical care at offices in Irvine, Laguna Beach, and Yorba Linda. Additionally, CPMG operates urgent care facilities in Irvine, Orange, and Yorba Linda under the tradename partnered with PDQ Urgent Care and More.

8.      CPMG's current medical staff model count includes 60 licensed providers, consisting of 42 employed primary care and multi-specialty physicians plus 18 contracted providers. Additionally, CPMG employs 136 clinical and non-clinical staff involved in day-to-day operations at its various medical offices. Among all office locations, CPMG's medical staff provides 125,000 - 130,000 patient visits annually.

9.      The COVID-19 pandemic strained CPMG's financial condition as its costs increased while its revenue decreased. When businesses across the nation closed, CPMG

MOTION FOR JOINT ADMINISTRATION OF CASES

1  remained open, expanding its hours of operation to meet the critical care needs of the Orange

2  County community. The heavy staffing demands associated with CPMG's expanded hours could

3  only be met by increasing wages. In the aggregate, CPMG's labor costs increased by

4  approximately 20%.

5      10.   Concurrently, CPMG's revenue declined for various reasons. For example, the

6  number of medical procedures and surgeries performed by CPMG's medical staff decreased

7  significantly. Further, a significant number of CPMG's patients transitioned to telehealth visits

8  for less acute care, with such telehealth visits having lower reimbursement rates than in-person

9  visits. This combination of increased costs and reduced revenue resulted in losses beginning in

10 calendar year 2021 and continuing each year thereafter.

11     11.   Two other events occurred in late 2022 that negatively impacted CPMG's

12 financial condition. First, a short-term cash crunch arose in early November 2022. After

13 spending significant time courting a potential buyer, and with a sale transaction scheduled to

14 close shortly thereafter, the buyer abruptly terminated the transaction.

15     12.   Second, in connection with the renewal of CPMG's contract with the insurance

16 company used by the majority of its patients for payment of CPMG's medical services, the

17 payment terms were altered significantly. As a result, CPMG's revenue decreased by

18 approximately $350,000 per month.

19     13.   Throughout 2022, CPMG was actively taking steps to mitigate future losses. The

20 two events in November 2022 described above created a financial tsunami for CPMG. Thus, in

21 2023, CPMG's loss mitigation efforts intensified. CPMG laid off employees, which reduced its

22 monthly labor costs by $140,000. Through consistent cost-cutting measures and simultaneous

23 efforts to grow revenue, CPMG reduced its operating losses from $240,000 per month at the

24 beginning of 2023 to $150,000 per month by the end of the year.

25     14.   CPMG's mitigation efforts in 2023 included seeking outside investments and

26 exploring sale or merger opportunities. To that end, in July 2023, Caduceus Medical Services,

27 LLC ("CMS") was formed to act as a management services company, and was intended to

28

1  provide all the non-clinical business support required by CPMG. Additionally, a long-term

2  management agreement between CPMG and CMS was signed. With this structure in place,

3  CPMG's access to investment funding and potential sale transactions increased significantly as

4  the formation of CMS allowed CPMG access to funding from people and entities not holding a

5  medical license.

6      15.    Although a management agreement between CPMG and CMS is in place, CPMG

7  did not transfer the relevant assets to CMS. Additionally, although it was anticipated that CMS

8  would take over for CPMG as the employer of most of CPMG's staff members, such a transition

9  never occurred. In short, even though a new management structure is available because of CMS,

10  it remains dormant. The CMS case was filed as a companion to the CPMG case because joining

11  the two in a single transaction increases the value for Debtor and the anticipated buyer can obtain

12  the desired sale order.

13      16.    CPMG's pursuit of funding or a sale transaction has generated significant interest

14  from parties with active medical practices in Orange County. Although a transaction has not yet

15  been finalized, Debtors anticipate entering into such an agreement, which will form the

16  cornerstone of Debtors' anticipated plan.

17      17.    To ensure that Debtors are prepared for a sale transaction, these chapter 11 cases

18  were filed. Such a transaction is necessary to ensure that Debtors' creditors are paid.

19

20      I declare under penalty of perjury that the foregoing is true and correct. Executed on August

21  1, 2024.

22

23      GREGG DENICOLA

24

25

26

27

28

MOTION FOR JOINT ADMINISTRATION OF CASES

## Declaration of Howard Grobstein

I, HOWARD GROBSTEIN, declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3. The facts set forth below are true of my personal knowledge.

4. I am a co-founder and partner of Grobstein Teeple LLP ("GT").

5. I am the Chief Restructuring Officer ("CRO") of CADUCEUS PHYSICIANS MEDICAL GROUP, A PROFESSIONAL MEDICAL CORPORATION, DBA CADUCEUS MEDICAL GROUP (Case No. 8:24-bk-11945-TA) ("CPMG") and CADUCEUS MEDICAL SERVICES, LLC (Case No. 8:24-bk-11946-TA) ("CMS," and collectively with CPMG, the "Debtors") in the above-captioned cases ("Cases").

6. I make this Declaration in support of Debtors' *Ex Parte* Motion for Joint Administration Pursuant to 11 U.S.C. §105(a), Federal Rule of Bankruptcy Procedure 1015, and Local Bankruptcy Rule 1015-1 ("Motion").

7. All terms not defined herein are used as they are defined in the Motion.

8. Pre-petition, I was retained by the Debtors as their CRO.

9. The Debtors are requesting that their Cases be jointly administered for procedural purposes. The Debtors seek to have CPMG's case designated as the lead case of the jointly administered estates.

10. The Debtors are related entities as CMS was formed to be the management company overseeing CPMG. Although CMS has never operated as such, the structure makes the Debtors' enterprise more appealing to potential buyers. The goal of these bankruptcy cases is to find a buyer and sell the companies. In turn, such a sale will allow the Debtors to pay their creditors.

11. I believe that the joint administration of the Cases will avoid the unnecessary time and expense of duplicative motions, applications, other pleadings, orders, and related notices,

1    which would otherwise need to be filed in each separate case absent joint administration. It will

2    permit the Debtors to respond more efficiently to the demands of their creditors and will reduce

3    attorneys' fees, copying costs, mailing costs and other costs of administering the Cases. In

4    addition, the Debtors' creditors will not be required to review identical motions and other

5    pleadings that would otherwise have to be filed in two separate cases. Moreover, joint

6    administration will relieve this Court of the burden of setting and hearing duplicative matters,

7    entering duplicative order and maintain duplicative files. Joint administration will also ease the

8    burden of the Office of the United States Trustee in supervising the Cases, and the Clerk's office

9    in performance of its duties in the Cases.

10        12.    Numerous cords of administrative commonality connect the Debtors, militating in

11    favor of the central administration of the Cases. Joint administration will increase the Debtors'

12    chances of a successful chapter 11 process. Accordingly, I believe that joint administration will

13    save considerable time and expense for the Debtors, the Clerk of the Court, the United States

14    Trustee, and other parties in interest, which will in turn, result in substantial savings for the

15    Debtors' estates.

16        13.    The Debtors will be joint and severally liable for all of the administrative

17    professional fees and expenses incurred in the Cases. All fees and costs will be charged to the

18    lead case and only one joint fee application need be filed by any professional. Many of the

19    services provided by the professionals will benefit both of the Debtors and it would be time-

20    consuming to allocate various services provided by the professionals among the Cases.

21        14.    I do not believe that creditors will be adversely affected by joint administration of

22    the Cases. At this time, the Debtors are not proposing to take any action that would constitute

23    substantive consolidate of their estate, but only seek authorization for procedural measures that

24    will simplify and facilitate the efficient administration of their estates.

25        I declare under penalty of perjury that the foregoing is true and correct. Executed on August

26    1, 2024.

27

28

HOWARD GROBSTEIN

MOTION FOR JOINT ADMINISTRATION OF CASES

# Declaration of Matthew W. Grimshaw

I, MATTHEW W. GRIMSHAW, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

5.      I am of counsel to the law firm of Marshack Hays Wood LLP, attorneys of record for Caduceus Physicians Medical Group, dba Caduceus Medical Group and Caduceus Medical Services LLC (collectively, the "Debtors") in the above-captioned cases ("Cases").

6.      I reviewed the dockets in this case prior to execution of this Declaration to refresh my memory as to the dates on which particular documents were filed.

7.      I make this Declaration in support of Debtors' Ex Parte Motion for Joint Administration Pursuant to 11 U.S.C. §105(a), Federal Rule of Bankruptcy Procedure 1015, and Local Bankruptcy Rule 1015-1 ("Motion").

8.      The Debtors propose that all pleadings related to the Cases shall contain a joint caption in substantially the form attached hereto as Exhibit "1," and that all such pleadings shall be filed and maintained under the existing docket of the lead case, *In re Caduceus Physicians Medical Group.*, Case No. 8:24-bk-11945-TA.

9.      A notice substantially similar to that attached hereto as Exhibit "2" and incorporated herein by reference will be sent to all creditors and will be filed in each of the Cases.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 1, 2024

/s/ Matthew W. Grimshaw

_____
MATTHEW W. GRIMSHAW

MOTION FOR JOINT ADMINISTRATION OF CASES

**EXHIBIT 1**

1  MATTHEW W. GRIMSHAW, SBN 210424
   mgrimshaw@marshackhays.com
2  DAVID A. WOOD, SBN 272406
   dwood@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Debtor and
   Debtor-in-Possession,
7  CADUCEUS PHYSICIANS MEDICAL GROUP,
   a Professional Medical Corporation, dba
8  CADUCEUS MEDICAL GROUP and
   CADUCEUS MEDICAL SERVICES, LLC
9

10              UNITED STATES BANKRUPTCY COURT

11       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

12

13  In re                                    Case No. 8:24-bk-11945-TA

14  CADUCEUS PHYSICIANS MEDICAL            Chapter 11
    GROUP, a Professional Medical Corporation,
15  dba CADUCEUS MEDICAL GROUP,             (Jointly Administered With Case No.
                                            Case No. 8:24-bk-11946-TA)
16              Debtor.

17  Debtor and Debtor-in-Possession.        ***CAPTION***

18  ☒    ALL DEBTORS

19  ☐    Caduceus Physicians Medical Group, dba
    Caduceus Medical Group, ONLY
20
    ☐    Caduceus Medical Services, LLC,  ONLY
21

22

23

24

25

26

27

28
                                                 EXHIBIT 1, PAGE 14
                                   14
                     MOTION FOR JOINT ADMINISTRATION OF CASES

**EXHIBIT 2**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| MATTHEW W. GRIMSHAW, #210424<br>grimshaw@marshackhays.com<br>DAVID A. WOOD, #272406<br>dwood@marshackhays.com<br>MARSHACK HAYS WOOD LLP<br>870 Roosevelt, Irvine, CA 92620<br>Telephone: 949-333-7777<br>Facsimile: 949-333-7778<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtors | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA -  Santa Ana Division

| In re: CADUCEUS PHYSICIANS MEDICAL GROUP<br><br><br>Debtor(s)<br>------------------------------------------------------------------<br>In re: CADUCEUS MEDICAL SERVICES, LLC<br><br><br><br>Debtor(s) | LEAD CASE NO.: 8:24-bk-11945-TA<br><br>CHAPTER:  11<br><br>JOINTLY ADMINISTERED WITH:<br><br>CASE NO.:  8:24-bk-11946-TA<br><br>CASE NO.:<br><br>CASE NO.:<br><br>CASE NO.:<br><br>CASE NO.:<br>☐  See attached for additional Case Numbers |
|---|---|
| ☒ Affects All Debtors<br>☐ Affects<br>☐ Affects<br>☐ Affects<br>☐ Affects<br>☐ See attached for additional Debtors<br><br>Debtor(s) | **NOTICE OF JOINT ADMINISTRATION<br>OF CASES AND REQUIREMENTS<br>FOR FILING DOCUMENTS**<br><br>**[LBR 1015-1]**<br><br>|
| | [No Hearing Required] |

TO: THE U.S. TRUSTEE AND ALL PARTIES IN THESE JOINTLY ADMINISTERED CASES:  An order was entered on (*date*) _____ granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice.

1. **Required Caption on Documents** – All documents filed must contain a caption in substantially the same format and content as the caption of this notice.

2. **Debtors Affected by a Filed Document** – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

3. **Filing Documents on Main Case Docket** – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4. **Filing Proof of Claims on Docket of Individual Case** – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5. **Parties to File a Request to be Added to Courtesy NEF** – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court-approved form.

6. **Other**:

Date: 08/01/2024                By: /s/ Matthew W. Grimshaw
                                       Signature

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*                Page 2                **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**

EXHIBIT 2, PAGE 16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF EX PARTE MOTION AND EX PARTE
MOTION FOR JOINT ADMINISTRATION PURSUANT TO 11 U.S.C. §105(A), FEDERAL RULE OF BANKRUPTCY
PROCEDURE 1015, AND LOCAL BANKRUPTCY RULES 1015-1 AND 9013-1(Q); MEMORANDUM OF POINTS AND
AUTHORITIES; AND DECLARATIONS OF DR. GREGG DENICOLA, HOWARD GROBSTEIN AND MATTHEW W.
GRIMSHAW will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-
2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
**August 1, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **David Wood**    dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;alinares@ecf.courtdrive.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **August 1, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

| Caduceus Physicians Medical Group<br>18200 Yorba Linda Blvd.<br>Suite 111<br>Yorba Linda, CA 92886 | Grobstein Teeple LLP<br>Howard Grobstein, CRO<br>23832 Rockfield Blvd., Ste 245<br>Lake Forest, CA 92630 |
|---|---|

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

**THE REQUIREMENT OF LBR 5005-2(d) TO PROVIDE JUDGES COPIES IS SUSPENDED AT THIS TIME**

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 1, 2024  Layla Buchanan | /s/ Layla Buchanan |
|---|---|
| *Date*    *Printed Name* | *Signature* |

4858-6889-0324, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**