Christopher D. Crowell (SBN 253103)
HEMAR, ROUSSO & HEALD, LLP
15910 Ventura Boulevard, 12th Floor
Encino, California 91436
Telephone: (818) 501-3800
Facsimile: (818) 501-2985
E-mail: ccrowell@hrhlaw.com

Attorneys for Secured Creditor
BMO BANK NATIONAL ASSOCIATION

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>CADUCEUS PHYSICIANS MEDICAL GROUP, a Professional Medical Corporation,<br><br>Debtor. | Lead Case No. 8:24-bk-11945-TA<br><br>Chapter 11<br><br>Jointly Administered with<br>Case No. 8:24-bk-11946-TA |
| In re<br><br>CADUCEUS MEDICAL SERVICES, LLC,<br><br>Debtor.<br><br>[x] Affects All Debtors. | BMO BANK NATIONAL ASSOCIATION'S STATEMENT OF POSITION REGARDING MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL<br><br>Final Hearing<br>Date: September 11, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 5B<br>      411 West Fourth Street<br>      Santa Ana, CA 92701 |

Secured creditor BMO Bank National Association formerly known as BMO Harris Bank National Association ("Bank" or "BMO") submits this Statement of Position Regarding Motion for Order Authorizing Use of Cash Collateral ("Motion"). The Bank has concerns about the amounts budgeted for payments to Debtor's officers and professionals. The Bank will also oppose any request by Debtor to make adequate protection payments to secured creditors whose liens on Debtor's assets are junior in priority to the Bank's liens on Debtor's assets. Since Debtor must comply with LBR 2014-1(a) to pay insiders and with LBR 2016-1 to pay professionals, and since the 13-Week Cash Budget on file with the Court does not provide for payments to junior secured creditors, the Bank will raise those concerns at an appropriate future time.

Rather than granting Debtor authority to use cash collateral on a final basis, the Bank requests that the Court (1) grant further interim authority only on the same terms and conditions set forth in the Interim Order Authorizing Use of Cash Collateral entered August 23, 2024 (Dkt. 64) ("First Cash Collateral Order") and (2) set a further hearing on the Motion approximately four weeks after the currently-scheduled September 11, 2024, hearing.

## RELEVANT FACTUAL BACKGROUND

The Bank was owed $1,279,185.68 as of Debtors' August 1, 2024, bankruptcy petition date. ("Petition Date") [See Claims Dkt. No. __.] The Court has already found that the Bank "has a first-priority lien against all Debtor's assets … including its accounts receivable … and other personal property, which constitute BMO's cash collateral." [Dkt. 64.]

Debtor asserts that as of the Petition Date, the value of its assets was $3,384,000, including $285,000 in cash, $975,000 in accounts receivable ("A/R"), an "Anticipated ERTC refund" valued at $1,884,00, and furniture, fixtures, and equipment ("FF&E") valued at $240,000." [See Declaration of Howard Grobstein filed August 2, 2024 (Dkt. 6) at ¶ 9.] However, Debtor has provided no evidence to permit creditors or the Court to assess whether or when Debtor will actually receive this Employee Retention Tax Credit ("ERTC"). Also, a substantial amount of the FF&E appears to be encumbered by purchase-money security interests. Finally, it is not clear whether the stated A/R value is the face value of the A/R or includes an allowance for accounts that are uncollectible or of doubtful collectability.[1]

## ARGUMENT

Under 11 U.S.C. § 363(p)(1), Debtor has the burden to show that the Bank's interest in its collateral is adequately protected. If Debtor does not receive the ERTC (or receives the ERTC in an amount substantially lower than $1,884,000), the Bank's equity cushion will likely be substantially thinner than the equity cushion Debtor asserts the Bank enjoys. Under these circumstances, the Court should not grant Debtor final authority to use cash collateral but should instead grant further interim authority only on the same terms and conditions set forth in the First Cash Collateral Order.

---

[1] The Court has extended Debtor's deadline to file its Schedules of Assets and Liabilities to August 29, 2024 (see Dkt. No. 52), so the components of the A/R should be clear by the time of the continued hearing on the Motion.

1 | Dated: August 28, 2024

HEMAR, ROUSSO & HEALD, LLP

By: /s/ Christopher D. Crowell
Christopher D. Crowell
Attorneys for Secured Creditor
BMO BANK NATIONAL ASSOCIATION

HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BOULEVARD, 12TH FLOOR
ENCINO, CA 91436
(818) 501-3800

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
15910 Ventura Blvd., 12th Floor, Encino, CA 91436

A true and correct copy of the foregoing document entitled (*specify*): **BMO BANK NATIONAL ASSOCIATION'S STATEMENT OF POSITION REGARDING MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 28, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Matthew Grimshaw: mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com;alinares@ecf.courtdrive.com
David Wood: dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; alinares@ecf.courtdrive.com

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 28, 2024 | Sanaz Adnani | /s/ *Sanaz Adnani* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**