MATTHEW W. GRIMSHAW, #210424
grimshaw@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
AARON E. DE LEEST, #216832
shasselberger@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt, Irvine, CA 92620
Telephone: 949-333-7777
Facsimile: 949-333-7778

Attorneys for Debtors,
CADUCEUS PHYSICIANS MEDICAL GROUP,
a Professional Medical Corporation, dba
CADUCEUS MEDICAL GROUP and
CADUCEUS MEDICAL SERVICES, LLC

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>CADUCEUS PHYSICIANS MEDICAL GROUP, a Professional Medical Corporation, dba CADUCEUS MEDICAL GROUP,<br><br>Debtor.<br><br>☒   ALL DEBTORS<br><br>☐   Caduceus Physicians Medical Group, dba Caduceus Medical Group, ONLY<br><br>☐   Caduceus Medical Services, LLC, ONLY | Case No. 8:24-bk-11945-SC<br><br>Chapter 11<br><br>(Jointly Administered with 8:24-bk-11946-SC)<br><br>DEBTORS' FIRST AMENDED CHAPTER 11 PLAN OF LIQUIDATION |

/ / /

/ / /

i

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................1

II. DEFINITIONS; RULES OF INTERPRETATION; AND COMPUTATION OF TIME ..............2

    A.    Definitions ...........................................................................................................2

    B.    Rules of Interpretation .........................................................................................2

    C.    Time Periods .......................................................................................................3

III. EFFECTIVE DATE CONDITIONS ...................................................................................3

    A.    Conditions to the Effectiveness of the Plan .........................................................3

    B.    Effect of Failure of Conditions to the Effectiveness of the Plan ...............................4

    C.    Effect of Entry of Order Denying Confirmation of the Plan .....................................5

IV. CLASSIFICATION OF CLAIMS AND INTERESTS...........................................................5

    A.    General Overview................................................................................................5

    B.    Unclassified Claims .............................................................................................5

    C.    Classified Claims and Interests............................................................................5

V. ALLOWANCE AND TREATMENT OF UNCLASSIFIED CLAIMS.......................................6

    A.    Administrative Expense Claims ...........................................................................6

        1.    U.S. Trustee Fees.................................................................................6

        2.    Professional Fee Claims .......................................................................6

        3.    Other Administrative Expense Claims ....................................................9

    B.    Priority Tax Claims............................................................................................10

VI. TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS ...........................................11

    A.    Class 1 (General Unsecured Claims)..................................................................11

    B.    Class 2 (Interests of CPMG)...............................................................................12

    C.    Class 3 (Interests of CMG)..................................................................................12

VII. CONFIRMABILITY OF PLAN AND CRAMDOWN .........................................................13

VIII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES .............................................13

    A.    Rejection of Executory Contracts and Unexpired Leases ........................................13

i

**TABLE OF CONTENTS**
(Continued)

Page

B.    Claims Based on Rejection of Executory Contracts and Unexpired Leases .............13

C.    Contracts and Leases Entered Into After the Petition Date .......................................13

IX. DISPUTED CLAIMS AND INTERESTS; SETOFF AND RECOUPMENT.........................14

A.    Objections to Claims.................................................................................................14

B.    No Distributions with Respect to Disputed Claims .................................................14

C.    Extension of the Claims Objection Deadline............................................................14

D.    Authority to Compromise Disputed Claims ............................................................14

E.    Setoff and Recoupment............................................................................................14

X. MEANS OF IMPLEMENTATION...........................................................................................15

A.    From the Confirmation Date to the Effective Date ..................................................15

B.    Sale of Estates Property ...........................................................................................15

C.    Preservation of Causes of Action ............................................................................15

D.    Management of the Debtors......................................................................................16

E.    The Liquidating Trust ..............................................................................................16

    1.    Establishment of the Liquidating Trust ......................................................16

    2.    Appointment of the Liquidating Trustee ....................................................16

    3.    Beneficiaries of the Liquidating Trust........................................................17

    4.    Transfer of Property to the Liquidating Trust.............................................17

    5.    Liquidating Trust's Distribution of Cash....................................................18

    6.    Powers and Duties of the Liquidating Trustee ...........................................18

    7.    Liquidating Trustee's Employment of Professionals; Compensation ..........20

    8.    Compliance with Tax Requirements ...........................................................20

    9.    No Recourse Against the Liquidating Trustee.............................................21

    10.    Termination and Dissolution of the Liquidating Trust .................................22

F.    Undeliverable and Unclaimed Distributions ...........................................................22

G.    Dissolution of the Debtors.......................................................................................22

**TABLE OF CONTENTS**
(Continued)

Page

1.    Cancellation of Interests .................................................................22

2.    Termination of Services of the Debtors' Director and CRO .........................22

3.    Dissolution of the Debtors .................................................................23

XI. EFFECTS OF CONFIRMATION..................................................................23

A.    Binding Effect of the Plan .................................................................23

B.    Vesting of Assets .................................................................23

C.    No Discharge .................................................................24

D.    Continuation of Automatic Stay; Creditor Action Restrained.................................24

E.    No Liability for Solicitation or Participation.................................................25

XII. RETENTION OF JURISDICTION .................................................................25

XIII. MISCELLANEOUS PROVISIONS.................................................................27

A.    Exculpation .................................................................27

B.    Exemption from Transfer Taxes .................................................................2827

C.    Expedited Tax Determination .................................................................28

D.    Securities Laws .................................................................28

1.    Exemption from Registration Issues.................................................................28

2.    Exchange Act Reporting Obligations and Registration under
      Investment Company Act .................................................................2928

E.    Payment of Statutory Fees .................................................................29

F.    Amendment, Modification or Withdrawal of the Plan .................................................29

G.    Governing Law .................................................................3029

H.    Waiver of FRBP 7062 .................................................................3029

I.    Exhibits and Schedules .................................................................3030

J.    Conflict .................................................................30

K.    Successors and Assigns .................................................................30

L.    Saturday, Sunday or Legal Holiday.................................................................30

1

**<u>TABLE OF CONTENTS</u>**
**(Continued)**

2                                                                                   **<u>Page</u>**

3    M.    Post-Effective Date Effect of Evidences of Claims or Interests ............................ 31~~30~~

4    N.    Severability of Plan Provisions ..................................................................... 31~~30~~

5    O.    No Admissions or Waiver of Objections ......................................................... 31

6    P.    Survival of Settlements ................................................................................ 31

7    Q.    Post-Confirmation Status Reports .................................................................. 32~~31~~

8    R.    Effect of Post-Confirmation Conversion to Chapter 7 ....................................... 32~~31~~

9    S.    Final Decree ............................................................................................. 32

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iv

# I.

## **INTRODUCTION**

On August 1, 2024 ("Petition Date"), Caduceus Physicians Medical Group, a Professional Medical Corporation dba Caduceus Medical Group ("CPMG") and Caduceus Medical Services, LLC ("CMS"), each filed a voluntary Chapter 11 petitions for relief under the Bankruptcy Code.

This document is the Chapter 11 Plan (the "Plan") proposed by CPMG and CMS. The two plan proponents, whose bankruptcy cases are being jointly administered, are collectively referred to herein as "Debtors."

This document is the Chapter 11 Plan ("Plan") proposed by the Debtors. This Plan proposes to transfer all assets of the Debtors' bankruptcy estates ("Estates") into a liquidating trust ("Liquidating Trust"), which will be governed by the terms of the "Liquidating Trust Agreement" attached as Exhibit 1 hereto. All creditors who hold Allowed General Unsecured Claims against the Estates will become beneficiaries of the Liquidating Trust (collectively the "Beneficiaries"). A "Liquidating Trustee" will hold all of the Estates' assets, may pursue claims and causes of action the Estates have or may have against third parties, and, after paying costs of administration, will distribute all of the Liquidating Trust's assets to the Beneficiaries.

If the Plan is approved, the Liquidating Trustee will be Howard B. Grobstein, Debtors' current Chief Restructuring Officer. It is anticipated that the Liquidating Trustee will retain Debtors' counsel, Marshack Hays Wood, LLP, as his counsel to assist in fulfilling his duties as the Liquidating Trustee, as well as other professionals if it is appropriate to do so. The Debtors believe Mr. Grobstein's retention of Marshack Hays Wood, LLP will promote the efficient administration of the remaining assets of the Estates for the benefit of creditors.

***All Holders of Claims and Interests are encouraged to read this Plan and the accompanying Disclosure Statement in their entirety before voting to accept or reject this Plan.***

If confirmed, this Plan will bind all persons it provides for, whether or not they accept this Plan, object to confirmation, file a proof of claim or interest, or have their claims or interests allowed.

1

*Your rights may be affected.  Read these papers carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult one.*

## II.

## DEFINITIONS; RULES OF INTERPRETATION;

## AND COMPUTATION OF TIME

**A.**    **Definitions**

In this document, capitalized terms have the meanings ascribed to them in the foregoing Introduction and in Exhibit A.

**B.**    **Rules of Interpretation**

For purposes of this Plan:

1.    the rules of construction set forth in section 102 of the Bankruptcy Code shall apply;

2.    in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, feminine and the neuter gender;

3.    any reference herein to the word "including" or any word of similar import shall be read to mean "including without limitation";

4.    unless otherwise specified, all references to "Sections" or "Exhibits" are references to the Plan's sections or exhibits;

5.    unless otherwise specified, the words "herein," "hereof" and "hereto" refer to the Plan in its entirety rather than a particular portion of the Plan;

6.    captions and headings to Sections are inserted for the convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan;

7.    any reference herein to a contract, agreement, lease, plan, policy, document or instrument being in a particular form or on particular terms and conditions means that the same shall be substantially in that form or substantially on those terms and conditions;

8.    any reference herein to a contract, agreement, lease, plan, policy, document or instrument or schedule or exhibit thereto, whether or not filed, shall mean the same as amended,

restated, modified or supplemented from time to time in accordance with the terms hereof or thereof;

9.    any reference to an Entity as a Holder of a Claim or Interest includes that Entity's successors and permitted assigns;

10.    unless otherwise specified, anything required to be done by the Debtors or the Liquidating Trustee, as applicable, on the Effective Date may be done on the Effective Date or as soon as reasonably practicable thereafter; and

11.    any term that is used but not defined herein has the meaning attributed to that term, if any, in the Bankruptcy Code or the FRBP.

**C.**    **Time Periods**

In computing any period of time prescribed or allowed by the Plan, unless otherwise expressly provided, the provisions of FRBP 9006(a) shall apply.  If any payment, distribution, act or deadline under the Plan is required to be made or performed or occurs on a day that is not a Business Day, then the making of such payment or distribution, the performance of such act or the occurrence of such deadline shall be deemed to be on the next succeeding Business Day, but shall be deemed to have been completed or to have occurred as of the required date.

**III.**

**EFFECTIVE DATE CONDITIONS**

**A.**    **Conditions to the Effectiveness of the Plan**

The following events must occur and be satisfied on or before the Effective Date for the Plan to be effective on the Effective Date:

1.    Entry on the Docket of a Confirmation Order.  The Conformation Order shall include provisions which, among other things:

(a)    confirms and approves the Plan;

(b)    authorizes and approves the Liquidating Trust Agreement and all other documents, instruments and agreements to be executed and delivered in connection with the confirmation and effectiveness of the Plan;

(c)    appoints or approves the appointment of the Liquidating Trustee; and

(d)      orders that the transfers contemplated under the Plan (i) are or will be legal, valid and effective transfers of property for fair and reasonable consideration, (ii) vest or will vest in the transferee good title to such property free and clear of all Liens, Claims and other interests of any kind and in accordance with section 1123(a)(5) and (b)(5) of the Bankruptcy Code, except those expressly provided for under the Plan, (iii) do not and will not constitute fraudulent conveyances or transfers or unlawful distributions under any applicable law, and (iv) do not and will not, except as expressly contemplated by the Liquidating Trust Agreement, subject the Liquidating Trust, the Liquidating Trustee, the Estates, the Debtors, or any of their current or future officers, directors, employees, owners, partners, beneficiaries, members, professionals, agents or representatives or any of the property transferred to any liability by reason of such transfer under any applicable law, including any laws relating to fiduciary duty or successor or transferee liability.

2.      Any stay of enforcement of the Confirmation Order has expired or is otherwise no longer in effect.

3.      Execution and delivery of the Liquidating Trust Agreement and all documents, instruments and agreements to be executed in connection therewith.

The second and third conditions set forth above may be waived in whole or in part by the Debtors.  The first condition regarding entry of the Conformation Order and provisions required to be included therein may not be waived.

**B.      <u>Effect of Failure of Conditions to the Effectiveness of the Plan</u>**

If the Effective Date does not occur, upon notification submitted by the Debtors to the Court: (a) the Confirmation Order shall be vacated, (b) no distributions under the Plan shall be made, (c) the Debtors, the Estates, and all Holders of Claims and Interests shall be restored to the status quo ante as of the day immediately preceding the Confirmation Date as though the Confirmation Date had never occurred, and (d) the Debtors' and the Estates' obligations with respect to the Claims and Interests shall remain unchanged and nothing contained in the Plan shall constitute or be deemed a waiver or release of any Claims or Interests by or against the Debtors, the Estates, or any other person, or to prejudice in any manner the rights of the Debtors, the Estates, or any person in any further proceedings involving the Debtors or the Estates.

**C.      Effect of Entry of Order Denying Confirmation of the Plan**

If an order denying confirmation of the Plan is entered, then the Plan shall be null and void in all respects, and nothing contained in the Plan shall (a) constitute a waiver or release of any Claims against or Interests in the Debtors and the Estates; (b) prejudice in any manner the rights of the Holder of any Claim against, or Interest in, the Debtors and the Estates; (c) prejudice in any manner any right, remedy or claim of the Debtors or the Estates, or (d) be deemed an admission against interest by the Debtors or the Estates.

**IV.**

**CLASSIFICATION OF CLAIMS AND INTERESTS**

**A.      General Overview**

As required by the Bankruptcy Code, the Plan classifies Claims and Interests according to their right to priority of payment as provided in the Bankruptcy Code.  Except for certain types of Claims that do not get put into classes, the Plan classifies Claims for all purposes, including voting, confirmation and distributions under the Plan.  A Claim is classified in a particular Class only to the extent that it falls within the class description.

**B.      Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to a specific treatment provided for them in the Bankruptcy Code.  Unclassified Claims consist of (1) Administrative Expense Claims and (2) Priority Tax Claims.

**C.      Classified Claims and Interests**

All other Claims and Interests are separated into the following voting classes:

- Class 1 consists of General Unsecured Claims.  This Class is Impaired.  Each Holder of an Allowed Class 1 Claim, and each Holder of an Allowed Class 1 Claim that has been temporarily allowed for voting purposes by order under FRBP 3018(a), is entitled to vote to accept or reject the Plan.

- Class 2 consists of Interests of CPMG.  This Class is Impaired.  The Holder of an Allowed Class 2 Interest is not entitled to vote to accept or reject the Plan because Class 2is deemed to have voted to reject the Plan since Class 2 will not receive or retain any property under the Plan.

- Class 3 consists of Interests of CMS.  This Class is Impaired.  The Holder of an Allowed Class 3 Interest is not entitled to vote to accept or reject the Plan because Class 3 is deemed to have voted to reject the Plan since Class 3 will not receive or retain any property under the Plan.

**V.**

**ALLOWANCE AND TREATMENT OF UNCLASSIFIED CLAIMS**

**A.    Administrative Expense Claims**

    **1.    U.S. Trustee Fees**

*Allowance*:  U.S. Trustee Fees shall be allowed in accordance with 28 U.S.C. § 1930.

*Treatment*:  All fees due and payable pursuant to 28 U.S.C. § 1930 prior to the Effective Date shall be paid by the Debtors on or before the Effective Date.  After the Effective Date, the Liquidating Trustee shall pay any and all such fees when due and payable.

    **2.    Professional Fee Claims**

*Identity of Professional Fee Claims*:  Entities known or believed by the Debtors to hold or otherwise assert Professional Fee Claims, and estimates of the fees that costs that will be owed to them as of the Effective Date, are as follows:

/ / /

/ / /

| Description | Estimated Amount Owed[1] | Treatment |
|---|---|---|
| Clerk's Office Fees | $0.00[2] | Paid in full on or before the Effective Date. |
| Office of the United States Trustee Quarterly Fees | $0.00 | Paid in full. |
| Ordinary-Course Administrative Claims | $0.00 | Unless the Debtors object to the ordinary-course administrative claim, the claim will be allowed in accordance with the terms and conditions of the particular transaction giving rise to the ordinary-course administrative claim, and the person holding the ordinary-course administrative claim need not file any request for payment of its claim and will be paid in the ordinary course of business. |
| Non-Ordinary Course Administrative Claim | $0.00 | To the extent that any non-ordinary course administrative claims are allowed, they will be paid in full by the Debtors on the later of the Effective Date or immediately after the Court enters a final order allowing the non-ordinary course administrative claim. |
| Administrative Tax Claim | $0.00 | Unless the Debtors object to an administrative tax claim or otherwise disputes the administrative tax claim in accordance with applicable law, the claim will be allowed in accordance with the terms and conditions of the particular transaction that gave rise to the administrative tax claim, and the person holding the administrative tax claim need not file any request for payment of its claim. Any allowed administrative tax claim will be paid in the ordinary course of business, currently and timely as they are incurred and billed, unless the Debtors object to or otherwise disputes such administrative tax claim in accordance with applicable law. In an event of default, and to the extent such administrative tax claim is also secured, the payment thereof will include all costs, fees, charges and interest, if applicable, as required under 11 |

[1] The estimate of professional fee claims in this chart is only an estimate and may change based upon the legal or financial services required during this Case and upon what the Court ultimately awards to professionals.  The Estate remains liable for all allowed professional fees and costs regardless of the estimates.  These amounts are in addition to what the professionals have been paid on an interim basis.

[2] The Debtors have not commenced any adversary proceedings or filed any motions for which any fee would be due at the conclusion of the case.

| | | U.S.C. §§ 506(b) and 511, and applicable non-bankruptcy law. |
|---|---|---|
| Marshack Hays Wood LLP ("MHW") | $275,000 estimated as of the Effective Date | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the professional fee claim, except to the extent that the holder of such claim agrees to other terms. MHW anticipates and understands that it will be paid through the ERC funds. |
| Grobstein Teeple LLP ("CRO") | $350,000 estimated as of the Effective Date | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the professional fee claim, except to the extent that the holder of such claim agrees to other terms. CRO anticipates and understands that it will be paid through the ERC funds. |
| ArentFox Schiff LLP ("ArentFox") | $125,000 estimated as of the Effective Date | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the professional fee claim, except to the extent that the holder of such claim agrees to other terms. ArentFox anticipates and understands that it will be paid through the ERC funds. |
| Stretto, Inc. Claims Noticing Agent | $75,000 estimated as of the Effective Date | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the professional fee claim, except to the extent that the holder of such claim agrees to other terms. Stretto anticipates and understands that it will be paid through the ERC funds. |
| CAPATA Accountant for Debtors | $50,000 estimated as of the Effective Date | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the professional fee claim, except to the extent that the holder of such claim agrees to other terms. Accountant anticipates and understands that it will be paid through the ERC funds. |
| Stanley Otake Patient Care Ombudsman ("PCO") | $7,455 estimated as of the Effective Date | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the professional fee claim, except to the extent that the holder of such claim agrees to other terms. PCO anticipates and understands that it will be paid through the ERC funds. |
| Lucy L. Thomson Consumer Privacy Ombudsman ("CPO") | $24,900 estimated as of the Effective Date | Paid on the later of (i) the Effective Date or (ii) upon entry of an order approving the professional fee claim, except to the extent that the holder of such claim agrees to other terms. CPO anticipates and understands that it will be paid through the ERC funds. |
| TOTAL | $907,355 | |

_Allowance_:  A Professional Fee Claim will be Allowed only if:  (1) on or before the Administrative Expense Claim Bar Date (i.e., 30 days after the Effective Date), the Holder of the Claim Files with the Court a final fee application or a motion requesting allowance of the Claim; and (2) the Court subsequently enters an order allowing the Claim.

Notice of the hearing on the fee application or motion shall be given in accordance with Local Rule 2016-1(c), on not less than 21 days' notice.  The Liquidating Trustee or any other party in interest may File an objection to the application or motion within the time provided by the Local Rules, or within any other period that the Court establishes.

_Treatment_:  Unless otherwise agreed by the Holder of an Allowed Professional Fee Claim, an Allowed Professional Fee Claim shall be paid in the full Allowed amount of such Claim in Cash on or before 10 Business Days after the date on which the Court enters an order determining such Claim to be an Allowed Professional Fee Claim.

If the Court enters an order allowing a Professional Fee Claim, and an appeal of the order is Filed by the Holder of the Claim or a party that objected to allowance of the Claim, the Liquidating Trustee shall pay the Allowed amount of the Claim on or before 10 Business Days after the date on which the Court enters the order allowing the Claim.  Until the order becomes a Final Order, such payment shall be deemed an interim payment subject to disgorgement or supplement in the event that an appeal is filed and the Professional Fee Claim ultimately is Allowed in a different amount, or Disallowed, by a Final Order of the Court.

**3.    Other Administrative Expense Claims**

_Identity of Other Administrative Expense Claims_:  Entities known or believed by the Debtors to hold or otherwise assert Other Administrative Expense Claims are as follows:

| Claimant | Basis for Claim | Estimate |
|---|---|---|
| Internal Revenue Service | Postpetition taxes | $0 |
| Franchise Tax Board | Postpetition taxes | $0 |
| | | |

The above list may not be inclusive of all Other Administrative Expense Claims that may be asserted against the Estates.  Any Holder of an Other Administrative Expense Claim must seek allowance of such Claim as set forth below.

*Allowance*:  An Other Administrative Expense Claim shall be Allowed only if:  (1) on or before the Administrative Expense Bar Date (which is 30 days after the Effective Date), the Holder of the Claim Files with the Court a final fee application or a motion requesting allowance of the Claim; and (2) the Court subsequently enters an order allowing the Claim.

The motion shall be Filed and determined pursuant to Local Rule 9013-1(o), upon notice of opportunity to object and request a hearing.  The Liquidating Trustee or any other party in interest may File and serve a response and request a hearing on or before 30 days after the Administrative Expense Bar Date, unless such time period is extended by the Court.  If the response period expires without the filing of any response and request for hearing, the Holder of the Other Administrative Expense Claim may file a declaration and lodge a proposed order pursuant to Local Rule 9013-1(o)(3).  If a timely response and request for hearing is Filed, the Holder of the Claim shall schedule a hearing and give not less than 14 days' notice of the hearing pursuant to Local Rule 9013-1(o)(4).

The Holder of an Other Administrative Expense Claim that does not timely File a motion requesting allowance of the Claim will be forever barred from asserting the Claim against the Debtors, the Estates, the Liquidating Trust, or their respective property.

*Treatment*:  Unless otherwise agreed by the Holder of an Other Administrative Expense Claim, an Allowed Other Administrative Expense Claim shall be paid in the full Allowed amount of such Claim in Cash on or before 10 Business Days after the date any order determining such Claim to be an Allowed Other Administrative Expense Claim becomes a Final Order.

**B.    Priority Tax Claims**

*Identity of Priority Tax Claims*:  Entities known or believed by the Debtors to hold or otherwise assert Priority Tax Claims are as follows:

| Claimant | Claim Amt. |
|---|---|
| Internal Revenue Service | $40,550.01 |

| Franchise Tax Board | $1,692.72 |
| County of Orange Treasurer-Tax Collector | $9,705.71 |

*Allowance*:  A Priority Tax Claim shall be Allowed only if it satisfies the definitional requirements of an Allowed Claim.

The Liquidating Trustee or any other party in interest may File an objection to a Priority Tax Claim on before the Claims Objection Deadline.  Objections to Priority Tax Claims shall be Filed, served and set for hearing in accordance with FRBP 3007, Local Rule 3007-1, and any and all other rules and procedures applicable to objections to claims brought before the Court.

*Treatment*:  Unless otherwise agreed by the Holder of a Priority Tax Claim, an Allowed Priority Tax Claim shall be paid in the full Allowed amount of such Claim, plus interest at the Legal Rate, not later than five (5) years after the Petition Date, as provided in Section 1129(a)(9)(C).  Notwithstanding the foregoing, if an objection to a Priority Tax Claim is timely Filed, an Allowed Priority Tax Claim shall be paid in the full Allowed amount of such Claim on or before 10 Business Days after the date any order determining such Claim to be an Allowed Priority Tax Claim becomes a Final Order.

## VI.

## TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

The following is a summary of the classes of Claims and Interests for which treatment is provided under the Plan:

| Class # | Description | Impairment |
|---------|-------------|------------|
| 1 | General Unsecured Claims | Impaired |
| 2 | Interests - CPMG | Impaired |
| 3 | Interests - CMS | Impaired |

## A.    Class 1 (General Unsecured Claims)

*Classification*.  Class 1 consists of all General Unsecured Claims, including the unsecured deficiency claims of Despierta LLC, Austin Business Finance LLC dba Backd, LendSpark Corporation, and Rise Health Services, Inc.  Entities known or believed by the Debtors to hold or

1  otherwise assert Class 1 Claims are identified in Exhibit 2 to the Plan.  The scheduled amount of

2  Class 1 Claims asserted against the Estates is $6,423,136.

3        *Impairment*.  Class 1 is impaired under the Plan.

4        *Voting*.  Holders of Class 1 Claims are entitled to vote to accept or reject the Plan.

5        *Treatment*.  Allowed Class 1 Claims will be transferred to the Liquidating Trust. Unless

6  otherwise agreed by a Holder of a Class 1 Claim, each Holder of a Class 1 Claim shall be paid *pro*

7  *rata* from funds received by the Liquidating Trust after payment of U.S. Trustee Fees, Professional

8  Fee Claims, Other Administrative Expense Claims, Priority Tax Claims, Class 1 Claims, and the

9  expense of administration of the Liquidating Trust.

10  **B.**      **Class 2 (Interests of CPMG)**

11        *Classification*.  Class 2 consists of Interests in CPMG. The Holder of an Interest in CPMG

12  is (1) Dr. Michael Hall (who owns 50.0% of the company); (2) Dr. Dennis Ponzio (who owns

13  41.38% of the company); and (3) Dr. Thomas Parsa (who owns 8.62% of the company). *See*

14  SOFA, Dk. No. 81, pg. 286-287.

15        *Impairment*.  Class 2 is impaired under the Plan.

16        *Voting*.  Holders of Class 2 Interests are not entitled to vote to accept or reject the Plan

17  because they are deemed to have rejected the Plan because Class 2 will not receive or retain any

18  property under the Plan on account of Class 2 Interests in CPMG.

19        *Treatment*.  On the Effective Date, all Interests in CPMG shall be cancelled, annulled, and

20  extinguished and of no further force or effect without any further action by any party.

21  **C.**      **Class 3 (Interests of CMG)**

22        *Classification*.  Class 3 consists of Interests in CMG.  The only Holder of an Interest in

23  CMS is CPMG.

24        *Impairment*.  Class 3 is impaired under the Plan.

25        *Voting*.  Holders of Class 3 Interests are not entitled to vote to accept or reject the Plan

26  because they are deemed to have rejected the Plan because Class 3 will not receive or retain any

27  property under the Plan on account of Class 3 Interests in CMG.

28

1  *Treatment*.  On the Effective Date, all Interests in CMG shall be cancelled, annulled, and

2  extinguished and of no further force or effect without any further action by any party.

### VII.

### CONFIRMABILITY OF PLAN AND CRAMDOWN

5  If Class 1 votes to reject the Plan, the Plan will not be confirmed and the Debtors will *not*

6  request that the Court confirm the Plan under the cramdown provisions of the Bankruptcy Code.

### VIII.

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**A.     Rejection of Executory Contracts and Unexpired Leases**

10  All Executory Contracts and Unexpired Leases shall be deemed rejected as of the Effective

11  Date, except for Executory Contracts and Unexpired Leases that (a) have been assumed pursuant to

12  the Sale Order or other order of the Court, or (b) are the subject of a motion for such an order

13  pending as of the Confirmation Hearing.  Entry of the Confirmation Order by the Court shall

14  constitute an order approving the rejection of Executory Contracts and Unexpired Leases as set

15  forth in the Plan, all pursuant to sections 365(a) and 1123 of the Bankruptcy Code, effective as of

16  the Effective Date.

**B.     Claims Based on Rejection of Executory Contracts and Unexpired Leases**

18  A proof of claim asserting a Rejection Damages Claim shall be Filed no later than 30 days

19  after the Effective Date.  If no objection to the Rejection Damages Claim is Filed on or before the

20  Claims Objection Deadline, the Rejection Damages Claim shall become an Allowed Claim.  Each

21  Allowed Rejection Damages Claim shall be classified and treated as a Class 1 Claim.

22  The Holder of a Rejection Damages Claim that does not timely File a proof of claim

23  asserting such a Claim shall be forever barred from asserting such Claim against the Debtors, the

24  Estates, the Liquidating Trust, or their respective property.

**C.     Contracts and Leases Entered Into After the Petition Date**

26  After the Effective Date, contracts and leases entered into after the Petition Date by the

27  Debtors, including the APA, shall be performed by the Liquidating Trustee only if said contract or

28  lease was previously approved the Court.

13

# IX.

## DISPUTED CLAIMS AND INTERESTS;

## SETOFF AND RECOUPMENT

**A.    Objections to Claims**

Except as provided in Section V.A.2 (regarding Professional Fee Claims), any objection to a Claim shall be Filed and served upon the Holder of such Claim on or before the Claims Objection Deadline.  Any Claim to which an objection remains pending on the Claims Objection Deadline, shall be deemed a Disputed Claim until the Claim is Allowed or disallowed by a Final Order.

**B.    No Distributions with Respect to Disputed Claims**

Notwithstanding any provision of the Plan, distributions will be made by the Liquidating Trustee on account of a Disputed Claim only after, and only to the extent that, the Disputed Claim becomes an Allowed Claim or is deemed to be an Allowed Claim for distribution purposes.

**C.    Extension of the Claims Objection Deadline**

After the Effective Date, the Liquidating Trustee may File a motion with the Court to extend the Claims Objection Deadline.  The filing of such a motion shall automatically extend the Claims Objection Deadline.  If the motion is denied by the Court, the Claims Objection Deadline shall be 30 calendar days after the date of entry of the order denying the motion.  In the event of an appeal, the Claims Objection Deadline shall automatically extend to the later of the then-current Claims Objection Deadline (as previously extended, if applicable) or 30 calendar days after entry of a Final Order affirming or denying the Court's order granting or denying the motion to extend the Claims Objection Deadline.

**D.    Authority to Compromise Disputed Claims**

After the Effective Date, the Liquidating Trustee may settle and compromise a Disputed Claim in the Liquidating Trustee's sole discretion without Court approval.

**E.    Setoff and Recoupment**

The Liquidating Trustee may set off, recoup, or withhold against distributions to be made on account of any Allowed Claim any claims that the Debtors, the Estates, or the Liquidating Trust may have against the Holder of such Allowed Claim.  The Liquidating Trustee will not waive or

14

release any claim against those entities by failing to effect such a setoff or recoupment, by allowing any Claim against the Debtors or the Estates, or by making a distribution on account of an Allowed Claim.

**X.**

**MEANS OF IMPLEMENTATION**

**A.      From the Confirmation Date to the Effective Date**

Although the Plan will become effective only on the Effective Date, on and after the Confirmation Date until the Effective Date, the Debtors shall take or cause to be taken all actions which are necessary to enable the Plan to become effective on the Effective Date and to implement and perform the Plan on and after the Effective Date.

**B.      Sale of Estates Property**

Pursuant to the Sale Order, the Debtors sold substantially all assets of the Estates to Anchor Medical Group, P.C. ("Anchor Medical") and Anchor Medical Management, Inc. ("Anchor Management" and collectively with Anchor Medical, "Anchor").

**C.      Preservation of Causes of Action**

Except as otherwise provided in the Plan, each Cause of Action held by the Debtors and the Estates shall be preserved and, along with the exclusive right to enforce such Cause of Action, shall vest on the Effective Date exclusively in the Liquidating Trustee, on behalf of the Liquidating Trust.  Unless a Cause of Action is expressly waived, relinquished, released or compromised in the Plan or an order of the Court, the Liquidating Trustee expressly reserves such Cause of Action for later adjudication and, accordingly, no doctrine of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise), laches or other preclusion doctrine shall apply to such Cause of Action as a consequence of the Confirmation, the Plan, the vesting of such Cause of Action in the Liquidating Trustee on behalf of the Liquidating Trust, any order of the Court or this Case.

No Entity may rely on the absence of a specific reference in the Plan or the Disclosure Statement to any Cause of Action against such Entity as any indication that the Liquidating Trustee will not pursue such Cause of Action.

1     Nothing in this Section shall limit the ability of any party in interest to object to any Claim

2     prior to the Claims Objection Deadline unless otherwise ordered by the Court.

3     **D.**     **Management of the Debtors**

4     No Person will manage the Debtors after the Effective Date because, pursuant to Section

5     X.G.3 of the Plan, the Debtors will be dissolved as of the Effective Date.

6     **E.**     **The Liquidating Trust**

7         **1.**     **Establishment of the Liquidating Trust**

8     On the Effective Date, the Liquidating Trust shall be created pursuant to the Liquidating

9     Trust Agreement and the Plan for the benefit of the Holders of Allowed Claims.  The Liquidating

10     Trust shall be known as "The Caduceus Liquidating Trust."

11     The Confirmation Order shall approve the Liquidating Trust Agreement.  If it is not

12     previously signed, the Debtors and the Liquidating Trustee shall execute the Liquidating Trust

13     Agreement on the Effective Date.

14     The functions and procedures applicable to the Liquidating Trust, powers and duties of the

15     Liquidating Trustee, and rights of Holders of beneficial interests in the Liquidating Trust, shall be

16     governed by the provisions of the Liquidating Trust Agreement.  However, if there is any conflict,

17     the terms of the Plan shall govern.

18         **2.**     **Appointment of the Liquidating Trustee**

19     The Confirmation Order shall appoint Howard B. Grobstein to serve as the Liquidating

20     Trustee and such appointment will become effective on the Effective Date.  The Liquidating

21     Trustee shall act in accordance with the Liquidating Trust Agreement and the Plan for the duration

22     of the Liquidating Trust, subject to earlier death, resignation, incapacity or removal as provided in

23     the Liquidating Trust Agreement.

24     The Liquidating Trustee may serve without any bond, but is not prohibited from securing a

25     bond if, in the Liquidating Trustee's discretion, the Liquidating Trustee concludes that doing so is

26     appropriate.

27

28

### 3.    Beneficiaries of the Liquidating Trust

In accordance with Treasury Regulations Section 301.7701-4(d), the Beneficiaries of the Liquidating Trust are the Holders of Class 1 Claims.

On the Effective Date, the Beneficiaries shall receive, on account of their unpaid Claims against the Estates, an allocation of Liquidating Trust Interests as provided for in the Liquidating Trust Agreement, in order to implement the distributions provided for herein, and shall receive on account of their respective Liquidating Trust Interests, distributions from the Liquidating Trust in compliance with the Plan.  These distributions from the Liquidating Trust, which may be less than the full Allowed Claim amounts, are in full and complete satisfaction, discharge, exchange, and release of the Allowed Claim amounts.

Liquidating Trust Interests will not be evidenced by any certificate or other instrument or document.  The Claims underlying the Liquidating Trust Interest remain subject to claim objections by the Liquidating Trustee, and the Liquidating Trust Interest remains subject to revocation by the Liquidating Trustee if an underlying Class 1 Claim subsequently becomes a Disallowed Claim.

Liquidating Trust Interests are transferable and assignable, as set forth in section 2.2 of the Liquidating Trust Agreement.

### 4.    Transfer of Property to the Liquidating Trust

On the Effective Date, pursuant to the Plan and sections 1123, 1141 and 1146(a) of the Bankruptcy Code, the Debtors shall transfer, grant, assign, convey, set over, and deliver to the Liquidating Trustee, for the benefit of the Liquidating Trust, all of the Debtors' and the Estates' right, title and interest in and to the Liquidating Trust Assets, free and clear of all Liens, Claims, and other interests of any kind in such property, except as contemplated by the Plan.  To the extent required to implement the transfer of Liquidating Trust Assets from the Debtors and the Estates to the Liquidating Trust and the Liquidating Trustee, all Persons shall cooperate with the Debtors to assist in implementing said transfers.

For all United States federal income tax purposes, all parties will treat the transfer of assets to the Liquidating Trust as a transfer of such assets to the holders of beneficial interests in the Liquidating Trust followed by a transfer of such assets by such holders of beneficial interests to the

Liquidating Trust, with the holders of beneficial interests in the Liquidating Trust being treated as the grantors and owners of the Liquidating Trust.  The Liquidating Trust is intended to qualify as a "grantor trust" for United States federal income tax purposes with the holders of beneficial interests in the Liquidating Trust being treated as the grantors and owners of the Liquidating Trust. Accordingly, because a grantor trust is treated as a pass-through entity for United States federal income tax purposes, generally no tax should be imposed on the Liquidating Trust as a result of the transfer of assets thereto or on the income earned or gain recognized by the Liquidating Trust. Instead, the holders of beneficial interests in the Liquidating Trust may be taxed on their allocable share of such net income or gain in each taxable year of the Liquidating Trust (determined in accordance with the Liquidating Trust Agreement), and will be responsible for paying the taxes associated with such allocable net income and gain whether or not they received any distributions from the Liquidating Trust in such taxable year.

> **5.** **Liquidating Trust's Distribution of Cash**

After the Effective Date, the Liquidating Trustee shall pay all expenses of the Liquidating Trust from property in the Liquidating Trust, establish and maintain reserves in accordance with the Liquidating Trust Agreement and the Plan, and make, at the Trustee's discretion, periodic distributions of Cash to the Holders of Allowed Claims (including Allowed Administrative Expense Claims) from the Liquidating Trust in accordance with the Liquidating Trust Agreement and the Plan.

> **6.** **Powers and Duties of the Liquidating Trustee**

Among other things, the Liquidating Trustee shall have the following rights, powers and duties, at all times in accordance with the Liquidating Trust Agreement:

(a)     accept delivery from the Debtors of all assets to be transferred from the Debtors and the Estates to the Liquidating Trust pursuant to the Liquidating Trust Agreement and the Plan;

(b)     hold and distribute, in accordance with the Liquidating Trust Agreement and the Plan, all assets transferred to the Liquidating Trust;

(c)     manage the affairs of the Liquidating Trust;

(d) except as specified in the Plan, determine the frequency and amount of payments in accordance with section 4.1 of the Liquidating Trust Agreement;

(e) establish and maintain reserves for payment of Liquidating Trust Expenses, Disputed Claims, and unclaimed distributions in accordance with the Plan and the Liquidating Trust Agreement;

(f) collect and marshal all assets of the Debtors and the Estates, reduce such assets to cash, and make interim and final distributions in accordance with the Plan and the Liquidating Trust Agreement;

(g) monitor and enforce the implementation of the Plan;

(h) file all federal, state, and local tax and regulatory forms, returns, reports and other documents required with respect to the Debtors, the Estates and the Liquidating Trust, and pay any taxes shown as due thereon;

(i) in the Liquidating Trustee's reasonable business judgment, investigate, prosecute and/or settle actions or litigation of the Debtors, the Estates, or the Liquidating Trust, including all Causes of Action, without supervision by the Court and free of any restrictions of the Bankruptcy Code or FRBP, other than any restrictions expressly imposed by the Plan;

(j) in the Liquidating Trustee's reasonable business judgment, investigate and prosecute objections to Claims, pursuant to the Plan and the Liquidating Trust Agreement;

(k) preserve and maintain, at the expense of the Liquidating Trust, the Debtors' books and records, provided that the Liquidating Trustee, in the Liquidating Trustee's reasonable business judgment, may destroy any and all books and records of the Debtors if they are no longer of any value to the Liquidating Trust;

(l) submit all required U.S. Trustee and Court reports, and pay all required U.S. Trustee Fees until the Case is closed;

(m) take all actions necessary and create any documents necessary to wind up the affairs of the Liquidating Trust and implement the Plan; and

(n)    take all necessary actions and File all appropriate motions to obtain an order closing the Case.

The Liquidating Trustee shall succeed to all of the rights and powers of the Debtors and the Estates with respect to all Liquidating Trust Assets and Causes of Action, and the Liquidating Trustee shall be substituted and shall replace the Debtors and the Estates, as applicable, as the party in interest in any litigation pending as of the Effective Date.

The Liquidating Trustee, on behalf of the Liquidating Trust, shall be authorized to execute any documents that implement or are in aid of this Section, in particular, and the Plan in general.

## 7.    Liquidating Trustee's Employment of Professionals; Compensation

On and after the Effective Date, the Liquidating Trustee may employ and compensate such professionals, agents and representatives as the Liquidating Trustee determines is necessary or appropriate pursuant to the terms of the Liquidating Trust Agreement and the Plan, including professionals, agents and representatives employed by the Estates prior to the Effective Date. Within 30 days after engagement by the Liquidating Trustee of any professional person, the Liquidating Trustee's retention of professionals after the Effective Date shall not be subject to Court approval.  For sake of continuity, the Liquidating Trustee may employ Debtors' employed professionals after the Effective Date and without further Court approval.

The Liquidating Trustee and the professionals employed by the Liquidating Trustee may be compensated each month at the rate of 100% of fees incurred plus 100% of out-of-pocket costs expended for the prior month (including for fees and costs incurred prior to entry of the order approving the professional's employment).  The Liquidating Trustee and professionals employed by the Liquidating Trustee must file applications for final compensation pursuant to the standards and procedures applicable to final applications filed pursuant to sections 330 and 331 of the Bankruptcy Code, FRBP 2016, Local Rule 2016-1, and any other applicable rules and procedures of the Court.

## 8.    Compliance with Tax Requirements

The Liquidating Trust shall comply with all applicable withholding, payment and reporting requirements imposed on it by governmental units, and all distributions pursuant to the Plan shall

20

be subject to such withholding, payment and reporting requirements.  The Liquidating Trustee shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding, payment, and reporting requirements.  All amounts withheld from distributions to the Holder of an Allowed Claim or Holder of a Liquidating Trust Interest and paid over to the applicable governmental unit on account of such Holder shall be treated as part of the distributions to such Holder.

Each Entity holding an Allowed Claim or Liquidating Trust Interest shall provide any information necessary to effect the necessary reporting and withholding of applicable taxes with respect to distributions to be made under the Plan.  The Liquidating Trustee shall be entitled in its sole discretion to withhold any distributions to a Holder of an Allowed Claim or Liquidating Trust Interest that fails to provide tax identification or social security information upon written request.

Notwithstanding any other provision of the Plan, (a) each Holder of an Allowed Claim or Liquidating Trust Interest that is to receive a distribution on account thereof pursuant to the Plan or Liquidating Trust Agreement shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding, and other tax obligations, on account of such distribution, and (b) no distribution shall be made to or on behalf of such Holder pursuant to the Plan unless and until such Holder has made arrangements satisfactory to the Liquidating Trustee for the payment and satisfaction of such withholding tax obligations or such tax obligation that would be imposed upon the Liquidating Trust in connection with such distribution.  Any property to be distributed pursuant to the Plan shall, pending the implementation of such arrangements, be treated as an unclaimed distribution pursuant to Section XI.F of the Plan.

**9.**      **No Recourse Against the Liquidating Trustee**

No recourse shall ever be had, directly or indirectly, against the Liquidating Trustee or any of the officers, employees, professionals, agents or representatives of the Liquidating Trust, whether by legal, equitable or other proceedings, pursuant to any law, statute, regulation or otherwise, by virtue of any indebtedness of the Debtors, the Estates, or the Liquidating Trust.  All liabilities of the Liquidating Trust shall be enforceable only against and be satisfied only out of the

21

1  Liquidating Trust Assets or shall be evidence only of a right to payment out of the Liquidating

2  Trust Assets, as the case may be.

3        **10.    Termination and Dissolution of the Liquidating Trust**

4        The Liquidating Trust shall be dissolved upon the determination by the Liquidating Trustee

5  to dissolve the Liquidating Trust upon performance and completion of all obligations and duties of

6  the Liquidating Trust and Liquidating Trustee, as set forth in the Liquidating Trust Agreement.

7  **F.    Undeliverable and Unclaimed Distributions**

8        If any distribution is returned as undeliverable, (1) the Liquidating Trustee shall make

9  reasonable efforts to determine the address of such Holder of an Allowed Claim or Holder of a

10  Liquidating Trust Interest and (2) no further distributions to the applicable Holder of an Allowed

11  Claim or Holder of a Liquidating Trust Interest shall be made unless and until the Liquidating

12  Trustee is notified in writing of such Holder of an Allowed Claim or Holder of a Liquidating Trust

13  Interest's then-current address, at which time the undelivered distribution shall be made to such

14  Holder of an Allowed Claim or Holder of a Liquidating Trust Interest without interest or dividends.

15  All distributions that remain unclaimed for 90 days after attempted distribution shall indefeasibly

16  revert to the Liquidating Trust.  Upon such reversion, the Holder of an Allowed Claim or Holder of

17  a Liquidating Trust Interest's entitlement to the distribution shall be automatically discharged and

18  forever barred, notwithstanding any federal or state escheat laws to the contrary.

19  **G.    Dissolution of the Debtors**

20        **1.    Cancellation of Interests**

21        On the Effective Date, all Interests in the Debtors shall be cancelled, annulled, and

22  extinguished and of no further force or effect without any further action by any party.

23        **2.    Termination of Services of the Debtors' Director and CRO**

24        On the Effective Date, and without further action by any party, the Debtors shall have no

25  right to operate a business, and the services of the Debtors' directors and officers, including its

26  current Chief Restructuring Officer, automatically are terminated.  Notwithstanding the foregoing,

27  the Liquidating Trustee shall have, and retain, authority as set forth in the Plan and the Liquidating

28

1  Trust Agreement to dispose of the Liquidating Trust Assets and otherwise implement the Plan in

2  accordance with its terms.

3         **3.**     **Dissolution of the Debtors**

4       On the Effective Date, the Debtors shall be deemed liquidated and dissolved as a legal

5  entity, for all purposes, pursuant to applicable federal and state law, without further action by any

6  entity, and the Confirmation Order shall contain a provision to such effect.

7       Notwithstanding the foregoing, without the need for any further approval, the Liquidating

8  Trustee in the Liquidating Trustee's discretion may execute and file documents and take all other

9  actions as the Liquidating Trustee deems appropriate relating to the dissolution of the Debtors

10  under the applicable laws of any states, and in such event, all applicable regulatory or governmental

11  agencies shall take all steps necessary to allow and effect the prompt dissolution of the Debtors as

12  provided herein, without the payment of any fee, tax, or charge and without need for the filing of

13  reports or certificates.  Any actions by the Liquidating Trustee pursuant to the preceding sentence

14  shall not modify, alter, or otherwise affect the deemed dissolution of the Debtors as of the Effective

15  Date pursuant to this Section.

16                 **XI.**

17            **EFFECTS OF CONFIRMATION**

18  **A.**    **Binding Effect of the Plan**

19       Except as provided in section 1141(d)(3) of the Bankruptcy Code, the provisions of the Plan

20  bind the Debtors, any entity acquiring property under the Plan, any creditor or equity security

21  holder, and their successors, assigns, heirs, executors, administrators and representatives, whether

22  or not the Claim or Interest of such creditor or equity security holder is impaired under the Plan and

23  whether or not such creditor or equity security holder has accepted the Plan.

24  **B.**    **Vesting of Assets**

25       Pursuant to sections 1123(b) and 1141(b) of the Bankruptcy Code, upon Plan confirmation,

26  Plan property of the Estates will remain property of the Estates until the Effective Date.  Upon the

27  Effective Date, except as otherwise provided in (a) the Plan, (b) any contract, instrument, release or

28  other agreement or document that is created pursuant to the Plan, or (c) the Confirmation Order, all

1   property of the Debtors and the Estates shall vest in the Liquidating Trustee, on behalf of the

2   Liquidating Trust, free and clear of all Liens, Claims, and other interests of creditors and equity

3   security holders.

4        The following shall be preserved and vest in the Liquidating Trust on the Effective Date,

5   pursuant to sections 1123(b) and 1141(b) of the Bankruptcy Code, to the extent not released

6   pursuant to the Plan, the Confirmation Order, or any other order of the Court:  (a) Causes of Action

7   of the Debtors and the Estates against any Entity; (b) all defenses, offsets, rights of recoupment,

8   rights of disallowance, recharacterization and/or equitable subordination of the Debtors and the

9   Estates with respect to Claims against the Debtors and the Estates; and (c) all rights of the Debtors,

10   the Estates, and the Liquidating Trust arising from the Plan itself.  Pursuant to sections 1123(b) and

11   1141(b) of the Bankruptcy Code, upon the vesting of all property of the Debtors and the Estates in

12   the Liquidating Trustee, on behalf of the Liquidating Trustee, on the Effective Date, the Estates

13   will cease to exist.

14   **C.**    **<u>No Discharge</u>**

15        This Plan provides for the liquidation of all or substantially all of the property of the

16   Estates.  As a result, pursuant to section 1141(d)(3) of the Bankruptcy Code, the Debtors is not

17   eligible to receive a discharge.

18   **D.**    **<u>Continuation of Automatic Stay; Creditor Action Restrained</u>**

19        Except as provided in section 362(b) of the Bankruptcy Code or an order entered pursuant

20   to section 362(d) of the Bankruptcy Code, the automatic stay of section 362(a) of the Bankruptcy

21   Code shall remain in full force and effect with respect to the Debtors, the Estates, the Liquidating

22   Trust, and property thereof.

23        This Plan is binding on every creditor and shareholder whose Claims and Interests are

24   provided for in the Plan, whether or not such creditor or shareholder votes to accept the Plan.  No

25   creditor or shareholder may take any action to enforce any Claim against the Debtors, the Estates,

26   or the Liquidating Trust except as provided in the Plan and the Liquidating Trust Agreement.

27

28

**E.**   **No Liability for Solicitation or Participation**

As specified in section 1125(e) of the Bankruptcy Code, Persons that solicit acceptances or rejections of the Plan and/or that participate in the offer, issuance, sale, or purchase of securities offered or sold under the Plan, in good faith and in compliance with the applicable provisions of the Bankruptcy Code, shall not be liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer, issuance, sale, or purchase of securities.

**XII.**

**RETENTION OF JURISDICTION**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Court will retain jurisdiction over the Case after the Effective Date to the fullest extent permitted by law, including, without limitation, jurisdiction to:

1. hear and determine objections to Claims;

2. hear and determine any dispute arising under the APA and the accompanying Interim Administrative Services Agreement ("ASA");

3. hear and determine any dispute arising under the Plan or Liquidating Trust Agreement, their implementation and the execution of any necessary documents thereunder;

4. enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of the Plan;

5. grant extensions of any deadlines set forth in the Confirmation Order as may be appropriate;

6. enforce all discharge, release and injunction provisions of the Plan;

7. consider and rule upon requests for final compensation;

8. hear and determine all motions, adversary proceedings, applications, and contested or litigated matters that may be pending on the Effective Date or that, pursuant to the Plan, may be instituted by the Liquidating Trustee after the Effective Date;

9.     resolve any matters related to the assumption or rejection of any executory contract or unexpired lease to which the Debtors are a party or with respect to which the Debtors may be liable, and to hear, determine and, if necessary, liquidate any Claims arising therefrom;

10.    ensure that distributions to Holders of Allowed Claims are accomplished as provided herein via the Liquidating Trust;

11.    resolve disputes as to the ownership of any Claim;

12.    hear and determine objections to Administrative Expense Claims and Claims;

13.    enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

14.    issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

15.    consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in any order of the Court, including the Confirmation Order;

16.    hear and determine all applications for compensation and reimbursement of expenses of Professionals under sections 330, 331 and 503(b) of the Bankruptcy Code;

17.    hear and determine any issue for which the Plan requires a Final Order of the Court;

18.    hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

19.    hear and determine Causes of Action preserved under the Plan, including Avoidance Actions;

20.    hear and determine any matter regarding the existence, nature, and scope of the releases, exculpation, indemnification and injunctions provided in the Plan; and

21.    enter a final decree closing the Case.

The foregoing list is illustrative only and not intended to limit in any way the Court's exercise of jurisdiction.  If the Court abstains from exercising jurisdiction or is otherwise without jurisdiction over any matter arising out of the Case, including matters set forth above, this Section shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

# XIII.

## MISCELLANEOUS PROVISIONS

**A.    Exculpation**

Except as otherwise specially provided in the Plan or the Confirmation Order, none of the Debtors, the Estates, Howard B. Grobstein of Grobstein Teeple LLP (Debtor's Chief Restructuring Officer)  and the Debtor's professionals employed in this case (collectively the "Exculpated Parties") shall have or incur any liability to any Holder of a Claim or Interest for any act or omission occurring on or after the Petition Date to the Effective Date in connection with, related to, or arising out of the Case and pursuit of implementation, confirmation or consummation of this Plan, except for willful misconduct or gross negligence, fraud or malpractice as construed under CA PRC 1.8.8. Except as otherwise specifically provided in the Plan or the Confirmation Order, none of the Debtors, the Estates, the Liquidating Trust, the Liquidating Trustee, or any of the foregoing parties' members, officers, directors, employees, affiliates, advisors, professionals or agents (collectively the "Exculpated Parties") shall have or incur any liability to any Holder of a Claim or Interest for any act or omission occurring on or after the Petition Date in connection with, related to, or arising out of the Case, pursuit of confirmation of the Plan, consummation or administration of the Plan, or property to be distributed under the Plan, except for willful misconduct or gross negligence.  In all respects, the Exculpated Parties shall be entitled to rely on the advice of their respective counsel with respect to their duties and responsibilities in connection with the Case and the Plan.  The Exculpated Parties have, and upon confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

Nothing in this Section shall limit the liability of any Person for breach of any express obligation such Person has under the terms of the Plan, or under any postpetition agreement or other postpetition document entered into by such Person, or in accordance with the terms of the

Plan, or for any breach of a duty of care owed to any other Person occurring after the Effective Date.

**B.      Exemption from Transfer Taxes**

Pursuant to section 1146(c) of the Bankruptcy Code, the issuance, transfer or exchange of notes or equity securities under the Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment or any lease or sublease, or the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with the Plan, including any agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the transactions contemplated under the Plan shall not be subject to any stamp, real estate transfer, mortgage recording, license transfer or other similar tax.  For the avoidance of doubt, the transactions contemplated under the Plan include, among other things, all transactions and transfers contemplated in the Plan, including, without limitation, the transfer of the Debtors and the Estates' right, title and interest in property to the Liquidating Trust.

**C.      Expedited Tax Determination**

The Liquidating Trustee may request an expedited determination of taxes under section 505(b) of the Bankruptcy Code for all returns filed for or on behalf of the Debtors or the Estates for all taxable periods ending on or before the Effective Date.

**D.      Securities Laws**

**1.      Exemption from Registration Issues**

In reliance upon an exemption from the registration requirements of the Securities Act of 1933, as amended (the "Securities Act"), and of state and local securities laws afforded by section 1145 of the Bankruptcy Code, the Liquidating Trust interests to be issued pursuant to the Plan on and after the Effective Date need not be registered under the Securities Act or any state or local securities laws.

2. **Exchange Act Reporting Obligations and Registration under Investment Company Act**

The Debtors anticipates that the Liquidating Trust may, under certain circumstances, be required to register or otherwise report under the Securities Act of 1934, as amended (the "Exchange Act"), and accordingly be required to file with the SEC and send to the holders of Liquidating Trust interests certain periodic reports and other information pursuant to the Exchange Act.  The reports may be the same as or different from those required to be distributed to the holders of Liquidating Trust Interests pursuant to the Plan and the Liquidating Trust Agreement.

In addition, the Debtors currently anticipate that the Liquidating Trust will be exempt from registration under the Investment Company Act of 1940 ("Investment Company Act").  Exemptions may be sought from the SEC from all or some of the reporting requirements of the Exchange Act or the Investment Company Act, if it is determined that such reporting is required and that compliance with such requirements would be burdensome.  The Debtors has not yet made any determinations regarding whether any such exemptions will be sought and the SEC had not yet made any determinations regarding such matters.  There is no assurance that any such exemptions, if deemed necessary and applied for, will be granted.

E. **Payment of Statutory Fees**

All fees payable on or before the Effective Date pursuant to 28 U.S.C. § 1930 shall be paid on or before the Effective Date.  After the Effective Date, the Liquidating Trustee shall pay all fees payable under 28 U.S.C. § 1930 until the Case is closed, dismissed, or converted.

F. **Amendment, Modification or Withdrawal of the Plan**

The Debtors reserve the right, in accordance with the Bankruptcy Code and subject to Court approval, to amend or modify the Plan prior to the entry of the Confirmation Order.  After the entry of the Confirmation Order, the Liquidating Trustee may amend or modify the Plan and Liquidating Trust Agreement, or remedy any defect or omission or reconcile any inconsistency in the Plan, in accordance with the Bankruptcy Code and subject to Court approval, and in such a manner as may be necessary to carry out the purpose and intent of the Plan and Liquidating Trust Agreement.

**G.     Governing Law**

Unless a rule of law or procedure is supplied by (a) federal law (including the Bankruptcy Code and FRBP), or (b) an express choice of law provision in any agreement, contract, instrument, or document provided for, or executed in connection with, the Plan, the rights and obligations arising under the Plan and any agreements, contracts, documents, and instruments executed in connection with the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of California without giving effect to the principles of conflict of laws thereof.

**H.     Waiver of FRBP 7062**

The Debtors may request that the Confirmation Order include (a) a finding that FRCP 62(a), made applicable by FRBP 7062, shall not apply to the Confirmation Order, and (b) authorization for the Debtors to consummate the Plan immediately after entry of the Confirmation Order.

**I.     Exhibits and Schedules**

All exhibits and schedules to the Plan and Disclosure Statement are incorporated into and constitute a part of the Plan as if set forth herein.

**J.     Conflict**

The terms of the Plan shall govern in the event of any inconsistency with the summaries of the Plan set forth in the Disclosure Statement.  If there is any conflict between the Plan and the Liquidating Trust Agreement, the terms of the Plan shall govern.

**K.     Successors and Assigns**

The rights, benefits and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, trustee, administrator, successor or assign of such Entity.

**L.     Saturday, Sunday or Legal Holiday**

If any payment or act under the Plan is required to be made or performed on a day that is not a Business Day, then the payment or act may be completed on the next day that is a Business Day, in which event the payment or act will be deemed to have been completed on the required day.

**M.      Post-Effective Date Effect of Evidences of Claims or Interests**

Notes, bonds, stock certificates and other evidences of Claims against or Interests in the

Debtors, and all instruments of the Debtors (in either case, other than those executed and delivered

as contemplated hereby in connection with the consummation of the Plan, if any), shall, effective

upon the Effective Date, represent only the right to participate in the distributions contemplated by

the Plan.

**N.      Severability of Plan Provisions**

If, before the Confirmation Date, the Court holds that any Plan term or provision is invalid,

void, or unenforceable, the Court may alter or interpret that term or provision so that it is valid and

enforceable to the maximum extent possible consistent with the original purpose of that term or

provision.  That term or provision will then be applicable as altered or interpreted.

Notwithstanding any such holding, alteration, or interpretation, the Plan's remaining terms and

provisions will remain in full force and effect and will in no way be affected, impaired, or

invalidated.  The Confirmation Order will constitute a judicial determination providing that each

Plan term and provision, as it may have been altered or interpreted in accordance with this Section,

is valid and enforceable under its terms.

**O.      No Admissions or Waiver of Objections**

Notwithstanding anything to the contrary in the Plan, if the Plan is not confirmed, is

revoked or otherwise the Effective Date does not occur, the Plan will be null and void, and nothing

contained in the Plan or the Disclosure Statement will (1) be deemed to be an admission by the

Debtors with respect to any matter discussed in the Plan, including liability on any Claim or the

propriety of any Claim's classification, (2) constitute a waiver, acknowledgement, or release of any

Claims, or (3) prejudice in any manner the rights of the Debtors or any other Entity in any further

proceedings.

**P.      Survival of Settlements**

All settlements approved by the Court pursuant to FRBP 9019 or otherwise shall survive

consummation of the Plan.  If the terms of the Plan are inconsistent with the terms of any Court-

approved settlement, the terms of the Plan shall supersede any inconsistent settlement provisions.

**Q.     Post-Confirmation Status Reports**

Pursuant to Local Rule 3020-1(b), the Confirmation Order shall provide as follows:

> Within 120 days of the entry of this order, the Liquidating Trustee shall file a status report explaining what progress has been made toward consummation of the Plan.  The initial report shall be served on the United States trustee, the 20 largest unsecured creditors, and those parties who have requested special notice. Further reports shall be filed every 180 days thereafter and served on the same entities, unless otherwise ordered by the court.

**R.     Effect of Post-Confirmation Conversion to Chapter 7**

If, after the Effective Date, the Court enters an order converting the Case to one under chapter 7 of the Bankruptcy Code, the Liquidating Trust Assets shall not be vested in the chapter 7 estate.  This means that there would be no assets for a chapter 7 Trustee to administer if this case were converted to chapter 7 after the plan is confirmed.

**S.     Final Decree**

Once the Estates has been fully administered within the meaning of FRBP 3022, the Liquidating Trustee shall file a motion with the Court to obtain a final decree to close the Case.

DATED: ~~September 2~~November 21, 2025          MARSHACK HAYS WOOD LLP

                                              /s/ Aaron E. de Leest
                                       By:  _____
                                              MATTHEW W. GRIMSHAW
                                              DAVID A. WOOD
                                              AARON E. DE LEEST
                                              Attorneys for Debtors CADUCEUS
                                              PHYSICIANS MEDICAL GROUP, A
                                              PROFESSIONAL MEDICAL CORPORATION
                                              dba CADUCEUS MEDICAL GROUP and
                                              CADUCEUS MEDICAL SERVICES, LLC.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **(REDLINED) DEBTORS' FIRST AMENDED
CHAPTER 11 PLAN OF LIQUIDATION** will be served or was served **(a)** on the judge in chambers in the form and
manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**November 25, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

⊠  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **November 25, 2025**, I served the following persons and/or entities at the
last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in
a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
CADUCEUS MEDICAL SERVICES LLC
18200 YORBA LINDA BLVD STE 111
YORBA LINDA, CA 92886-4043

**DEBTOR / CREDITOR / POC ADDRESS**
CADUCEUS PHYSICIANS MEDICAL GROUP, A
PROFESSIONAL CORPORATION
18200 YORBA LINDA BLVD STE 111
YORBA LINDA, CA 92886-4043

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **November 25, 2025**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE'S COPY – VIA PERSONAL DELIVERY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

**VIA EMAIL:**
**DEBTOR'S CHIEF RESTRUCTURING
OFFICER**
HOWARD GROBSTEIN
hgrobstein@gtllp.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 25, 2025 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **INTERESTED PARTY COURTESY NEF:** Samuel Mushegh Boyamian samuel@marguliesfaithlaw.com, Angela@MarguliesFaithLaw.com; Vicky@MarguliesFaithLaw.com; Amber@MarguliesFaithLaw.com
- **ATTORNEY FOR SECURED CREDITOR BMO BANK NATIONAL ASSOCIATION:** Christopher Crowell ccrowell@hrhlaw.com
- **ATTORNEY FOR DEBTOR CADUCEUS PHYSICIANS MEDICAL GROUP, A PROFESSIONAL MEDICAL CORPORATION:** Aaron E. De Leest on behalf adeleest@marshackhays.com, adeleest@marshackhays.com, alinares@ecf.courtdrive.com
- **INTERESTED PARTY COURTESY NEF:** Jeremy Faith Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithLaw.com; Vicky@MarguliesFaithLaw.com; Amber@MarguliesFaithLaw.com
- **SPECIAL COUNSEL ARENTFOX SCHIFF LLP:** M Douglas Flahaut df@echoparklegal.com
- **ATTORNEY FOR DEBTOR CADUCEUS MEDICAL SERVICES LLC and DEBTOR CADUCEUS PHYSICIANS MEDICAL GROUP, A PROFESSIONAL MEDICAL CORPORATION:** Matthew Grimshaw mgrimshaw@marshackhays.com, mgrimshaw@ecf.courtdrive.com; alinares@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR REGAL MEDICAL GROUP, INC.:** Payam Khodadadi pkhodadadi@mcguirewoods.com, dkiker@mcguirewoods.com
- **INTERESTED PARTY COURTESY NEF:** Marc A Lieberman marc.lieberman@flpllp.com, addy@flpllp.com, andrea@flpllp.com
- **SPECIAL COUNSEL ARENTFOX SCHIFF LLP:** Aram Ordubegian ordubegian.aram@arentfox.com
- **ATTORNEY FOR CREDITOR BATES JOHNSON BUILDING, LTD.:** Brett Ramsaur    brett@ramsaurlaw.com, alecia@ramsaurlaw.com;paralegal@ramsaurlaw.com
- **ATTORNEY FOR CREDITOR ROMANOV GROUP, LLC:** Jeremy H Rothstein    jrothstein@gblawllp.com, msingleman@gblawllp.com;mbowes@gblawllp.com
- **INTERESTED PARTY COURTESY NEF:** Andrew Still    astill@swlaw.com, kcollins@swlaw.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- **ATTORNEY FOR DEBTOR CADUCEUS MEDICAL SERVICES LLC and DEBTOR CADUCEUS PHYSICIANS MEDICAL GROUP, A PROFESSIONAL MEDICAL CORPORATION:** Ronghua Sophia Wang sophia.wang@afslaw.com
- **INTERESTED PARTY COURTESY NEF:** Pamela Kohlman Webster pwebster@buchalter.com, smartin@buchalter.com
- **ATTORNEY FOR SECURED CREDITOR DESPIERTA, LLC, ITS SUCCESSORS AND/OR ASSIGNEES:** Reilly D Wilkinson rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com
- **ATTORNEY FOR DEBTOR CADUCEUS MEDICAL SERVICES LLC and DEBTOR CADUCEUS PHYSICIANS MEDICAL GROUP, A PROFESSIONAL MEDICAL CORPORATION:** David Wood dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; spineda@ecf.courtdrive.com; alinares@ecf.courtdrive.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**